SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–15–87

| | |
|---|---|
| RONALD VINCE FENNELL<br>APPELLANT | **Opinion Delivered** September 30, 2015 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR–2013–0095–1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

A Benton County jury convicted appellant Ronald Fennell of harassment, a Class A misdemeanor. His sole point on appeal is that there was insufficient evidence to support the verdict. We do not reach the merits of appellant's argument because his brief does not comply with Arkansas Supreme Court Rule 4–2(a)(5) and (a)(8) (2014), and we order rebriefing.

Appellant was charged with misdemeanor harassment for his actions at a school event that occurred on the soccer fields next to his son's elementary school on December 3, 2010. The school gave rides on a hot-air balloon to students who sold ten coupon books during a fall fundraising event. Appellant's son was the top coupon-book seller and entitled to a ride. Appellant had earlier contacted Laura Carlson, who helped with the fundraiser, to inquire whether he could also ride on the hot-air balloon. She informed appellant that only students were allowed. Appellant was upset and attended the event with a video camera and

repeatedly asked Ms. Carlson—who was helping children on and off the balloon—whether he could ride, why he could not ride, and who was in charge. He also questioned Sissy Kilgo, who was the PTO president and who was also helping with the hot-air balloon event, and recorded his interactions with her. Ms. Carlson called the police. Appellant followed both women around with his camera until the police arrived. The DVD that appellant recorded at the event was played for the jury at trial.

A photocopy of the DVD is included in the addendum, but the actual DVD is not. Rule 4–2(a)(8)(A)(i) requires the addendum to include all items that are essential for the appellate court to understand the case and decide the issues on appeal, including exhibits such as CDs and DVDs. Appellant has challenged the sufficiency of the evidence, and the DVD includes appellant's exchanges with the victim-witnesses at the event where appellant was alleged to have committed harassment. Accordingly, we order appellant to file a supplemental addendum to provide the DVD exhibit to the members of the court within fifteen calendar days from the date of this opinion.

We also note that while appellant's abstract details the renewal of his motion for directed verdict at the close of all of the evidence, it does not reveal whether he moved for a directed verdict at the close of the State's case. Failure to do so constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim P. 33.1 (2015). Arkansas Supreme Court Rule 4–2(a)(5) requires an appellant to create an abstract of the material parts of the transcript in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to

decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(5). Appellant's abstract is deficient because it does not include appellant's motion for directed verdict made at the close of the State's case, any arguments of counsel, and the ruling made by the trial court.

We order appellant to file a supplemental addendum and supplemental abstract within fifteen days from the entry of this order to address these deficiencies. We strongly encourage appellant to review our rules to ensure that no additional deficiencies are present.

Rebriefing ordered.

KINARD and HIXSON, JJ., agree.

*Herbert C. Southern*, for appellant.

*Ogles Law Firm*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.