SLIP OPINION

Cite as 2017 Ark. App. 12

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–723

| | | |
|---|---|---|
| AARON LOVELACE | | **Opinion Delivered** January 18, 2017 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-14-410-5] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | SUPPLEMENTATION OF ADDENDUM ORDERED |

## DAVID M. GLOVER, Judge

A Jefferson County Circuit Court jury convicted appellant Aaron Lovelace of the offenses of aggravated robbery, battery in the first degree, and theft of property. Lovelace was sentenced to a total of thirty years in the Arkansas Department of Correction. On appeal, Lovelace argues the trial court erred in denying his motions for directed verdict based on insufficiency of the evidence. Specifically, Lovelace argues the State failed to present corroborating evidence to an accomplice's testimony. We are unable to address his arguments at this time due to deficiencies in his addendum. We, therefore, return this case and order Lovelace to supplement the addendum.

On June 23, 2014, Calvin Giles picked up food from Church's Fried Chicken to take home. Lovelace and three other men allegedly followed him home. Giles was robbed and shot. Giles was unable to identify Lovelace as the shooter from his face; however, he testified

that he remembered the shooter was wearing bright green shoelaces.

Anphernie Harris testified he was with Lovelace and two other men on the night of June 23, 2014; Lovelace entered Church's Fried Chicken, then came back out and told them he saw a man with money inside and wanted to take it; Lovelace re-entered the restaurant and again came back out; Giles came out of the restaurant and left in his vehicle; they followed Giles to his house; Lovelace and one of the other men got out of the vehicle; and finally, the driver of the vehicle parked and got out. Harris testified he remained in the vehicle and heard three gunshots; the three men ran back and got into the vehicle; Lovelace told Harris to "say nothing"; and they drove away. According to Harris, a police car pulled up behind them; Lovelace and one of the men jumped out of the vehicle and ran; the driver threw a gun in Harris's lap and told him to run; Harris then threw the gun back into the driver's lap; the driver threw the gun out the passenger back door; and Harris remained in the vehicle and spoke to the officers.

In its brief, the State asserts that the Church's Fried Chicken surveillance video, which was introduced into evidence at trial, showed Lovelace come into the restaurant behind Giles, see Giles with a significant amount of cash, leave the restaurant and return, and leave shortly after Giles's vehicle left. The State further asserts that Lovelace was wearing shoes with bright green shoelaces. However, neither Lovelace nor the State has included in the addendum the Church's Fried Chicken video or still photos taken from the video, which are also in the record. Furthermore, the State references a check that was recovered from the vehicle Lovelace was in that was stolen from Giles. Pictures of the check were included in the record,

but they are also not in the addendum.

Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) requires that the addendum must include any documents in the record that are essential for the appellate court to understand the case and to decide the issue on appeal, including exhibits such as photographs, CDs, and DVDs. *Fennell v. State*, 2015 Ark. App. 523. Neither party included these necessary exhibits—Lovelace in his addendum, or the State in a supplemental addendum, even after relying heavily on the video to provide corroboration of Harris's testimony in its brief. These items are essential for our court to determine the issues on appeal. Accordingly, we order Lovelace to file a supplemental addendum to provide the DVD exhibit, the still photographs taken from the DVD, and the photographs of the check within fifteen calendar days from the date of this opinion in order to correct these deficiencies. We strongly encourage appellant to review our rules to ensure that no additional deficiencies are present.

Supplementation of the addendum ordered.

WHITEAKER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.