PHILLIP T. WHITEAKER, Judge
Appellant David Caldwell appeals from an order of the Crawford County Circuit Court revoking his suspended imposition of sentence (SIS) and sentencing him to two years in the Arkansas Department of Correction (ADC). On appeal, he argues that (1) the State's failure to call the victim as a witness at his revocation hearing violated his right to confront his accuser under the Confrontation Clause, and (2) there was insufficient evidence to revoke his SIS. We are unable to reach the merits of his argument at this time because of a deficiency in Caldwell's addendum.
Caldwell was originally sentenced to four years in the ADC with an additional two years' SIS on one count of possession of methamphetamine. The State subsequently filed a petition to revoke Caldwell's SIS, alleging that he had committed the new offenses of possession of methamphetamine, possession of drug paraphernalia, fleeing, possession of marijuana, driving on a suspended driver's license, and using fictitious tags. The petition also alleged that Caldwell was a habitual offender. In an amended petition to revoke, the State realleged the above offenses and added an allegation of second-degree battery on a law-enforcement officer.
At a hearing on the petition to revoke, the State presented evidence only on the allegation of second-degree battery. The State called two witnesses to offer testimony about this offense: Deputy Dylan Deshazo and Captain Halbert Torraca, the jail administrator for the Crawford County Sheriff's Office. The State did not present the testimony of Deputy Hight, the alleged victim of the offense. Deputy Deshazo testified about the altercation between Caldwell and Deputy Hight that led to the second-degree battery allegation in the amended revocation petition. Deputy Deshazo further said that the incident was captured on a security video, that he had seen the video, and that the video accurately reflected what he recalled from that day. The State introduced the DVD into evidence, without objection, through Captain Torraca and played it for the circuit court. At the conclusion of the revocation hearing, the court revoked Caldwell's SIS and sentenced him to two years in the ADC.
The DVD is the reason we cannot reach the merits of Caldwell's argument at this time. In Caldwell's second point on appeal, he argues that there was insufficient evidence of second-degree battery on a law enforcement officer because there was no evidence of physical injury. See Ark. Code Ann. § 5-13-202(a)(4)(A) (Repl. 2013) (A person commits second-degree battery if he intentionally or knowingly without legal justification causes physical injury to one he knows to be a law enforcement officer, while such officer is acting in the line of duty.); Ark. Code Ann. § 5-1-102(14) (defining "physical injury" as the impairment of a physical condition of the infliction of substantial pain). Caldwell also argues that there was no testimony about his mental state at the time of the alleged offense.
The DVD that was introduced through Captain Torraca showed the incident in *270 the jail, and the circuit court watched the video and relied on it in reaching its decision to revoke Caldwell's SIS. The DVD, therefore, is an item that is "essential for the appellate court to understand the case and decide the issues on appeal" and is thus required to be in the addendum. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i). Caldwell's addendum, however, contains only a photocopy of a photograph of the DVD, not the disc itself. We must therefore order Caldwell to submit a supplemental addendum that includes a physical copy of the DVD. See Fennell v. State , 2015 Ark. App. 523, at 2, 2015 WL 5734394 (ordering rebriefing where the appellant challenged the sufficiency of the evidence supporting his harassment conviction, and a DVD-which was not included in the addendum-included appellant's exchanges with the victim-witnesses at the event where appellant was alleged to have committed harassment). Caldwell shall have seven calendar days to submit the supplemental addendum. Ark. Sup. Ct. R. 4-2(b)(4).
Supplemental addendum ordered.
Gruber, C.J., and Virden, J., agree.