Cite as 2020 Ark. App. 102

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR–19–634

| | |
|---|---|
| MARK A. WATTS | **Opinion Delivered** February 12, 2020 |
| APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 75SCR-17-65] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE JERRY RAMEY, JUDGE |
| | SUPPLEMENTAL ADDENDUM ORDERED |

## BRANDON J. HARRISON, Judge

Mark Watts argues that substantial evidence does not support his convictions for second-degree murder because the State failed to independently corroborate his out-of-court confession. He also challenges the circuit court's decision to allow the out-of-court statement into evidence without some redactions. Watts's addendum, however, lacks the necessary information for us to decide the merits of his appeal at this time.

Arkansas Supreme Court Rule 4-2(a)(8) requires an addendum to contain all documents in the record that are "essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." The rule specifically requires an appellant to include in the addendum any exhibits "concerning the order, judgment or ruling challenged on appeal." Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2019).

Watts's statement was digitally recorded on a DVD and accepted as evidence during the trial (as State's exhibit No. 49). At some point, transcripts of the DVD's audio were distributed to the jury. This DVD "confession" video was also played for the jury. Watts objected during a portion of the video. At that point the video was paused, and the jury went into recess. Watts argued to the court that certain statements not yet played on the DVD regarding a forged check would be unduly prejudicial to him if the jury was allowed to hear them. Watts then proffered a slightly edited version of the transcript of the DVD. He also asked that the court gather the transcripts that the State had already given to the jury, which included the information about the check forgery. Before the jury returned to the box, the circuit court granted Watts's request and ordered the bailiff to collect and remove the State's transcripts from the courtroom. But the court rejected Watts's proffer of an edited transcript of the DVD and denied his request to redact the DVD so that the forgery issue would not be played to the jury. Watts claims that the court abused its discretion when it denied his oral motions to exclude evidence about the forged check and when it denied his motions for a directed verdict.

We cannot reach the merits of Watts's appeal because he omitted the following items from the addendum: (1) a physical copy of the DVD "confession" that was played to the jury (State's exhibit No. 49) and (2) his proposed redacted version of the transcript of the DVD (defendant's proffered exhibit No. 1). These two items are essential for us to understand and decide this appeal as it has been presented to us. *See Caldwell v. State*, 2018 Ark. App. 393, 557 S.W.3d 268 (addendum copy of DVD essential to decide appeal).

We therefore order Watts to file a supplemental addendum within seven calendar days of this opinion's date. Ark. Sup. Ct. R. 4–2(b)(4). Watts should also take this opportunity to ensure that nothing else that is pertinent to this appeal was inadvertently omitted from the addendum.

Supplemental addendum ordered.

GLADWIN and WHITEAKER, JJ., agree.

*Jeremy D. Wann*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.