Cite as 2020 Ark. App. 125

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-599

| | |
|---|---|
| RODERICK SHOULDERS<br><br>APPELLANT | **Opinion Delivered:** February 19, 2020<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-18-72] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | SUPPLEMENTAL ADDENDUM ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Roderick Shoulders appeals the order of the Hot Spring County Circuit Court denying his motion to suppress evidence seized from his vehicle. Due to deficiencies in his brief, however, we must order a supplemental addendum at this time.

Shoulders was charged with trafficking a controlled substance after an Arkansas State Trooper found more than 200 grams of methamphetamine in the trunk of Shoulders's rental car during a traffic stop. Prior to trial, Shoulders moved to suppress the evidence seized as a result of that stop, arguing that he did not consent to the trooper's search of his vehicle. The circuit court held a hearing on the suppression motion and denied it, finding that the trooper obtained Shoulders's consent to search. The matter then proceeded to a jury trial, and a Hot Spring County jury convicted Shoulders of one count of trafficking a controlled substance and sentenced him to forty years in the Arkansas Department of Correction. Shoulders filed

a timely notice of appeal and now argues that the circuit court erred in denying his motion to suppress the evidence seized from his car.

We decline to reach the merits of Shoulders's arguments at this time and order him to provide a supplemental addendum. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) (2019) requires that the addendum must include "any other pleading or document in the record that is essential for the appellate court to . . . understand the case, and to decide the issues on appeal." This rule expressly contemplates exhibits such as DVDs. *Id.* Here, the issue on appeal is whether the circuit court erred when it found that Shoulders consented to the trooper's search of his vehicle. During the suppression hearing, the State introduced a DVD containing a recording of the trooper's dashcam video of the traffic stop, during which the trooper asked for Shoulders's consent. Shoulders argues on appeal that he did not consent to the search, and the State counters that he did. The exchange between the trooper and Shoulders is thus critical to our understanding of the case. Shoulders, however, did not include a physical copy of the DVD in his addendum.[1] Rather, the addendum contains a photocopy of a photograph of the DVD.

In several recent cases, we have ordered appellants to submit a supplemental addendum that includes a physical copy of the DVD. *See, e.g.*, *Watts v. State*, 2020 Ark. App. 102; *Cagle v. State*, 2018 Ark. App. 623; *Danner v. State*, 2018 Ark. App. 447; *Caldwell v. State*, 2018 Ark. App. 393, 557 S.W.3d 268. Consistent with these opinions, we order

---

[1]Shoulders's brief does provide an abstract of the conversation on the dashcam video.

Shoulders to file a supplemental addendum containing the missing DVD within seven calendar days from the date of this opinion.

Supplemental addendum ordered.

HIXSON and MURPHY, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.